# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) Case No. 1:08CR00024-005 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **TYREE LAMAR SLADE**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Tyree Lamar Slade, Pro Se Defendant.*

The defendant has filed a pro se Motion to Dismiss in his closed criminal proceedings, seeking dismissal of the indictment, based on recanting statements by some of his codefendants. For lack of cause shown, his motions must be denied.

I

Tyree Lamar Slade pleaded guilty on December 1, 2008, pursuant to a written Plea Agreement, to a charge of conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2009). Pursuant to section B(2) of the Plea Agreement, Slade stipulated that he had been convicted of one prior felony drug

offense that could be used to enhance his sentence, and the government agreed not to seek additional enhancement based on two additional prior felony drug offenses.[1]

In section B(3) of the agreement, Slade also stipulated that the Career Offender guideline, United States Sentencing Manual § 4B1.1 (2007), was applicable to him, and that he would not seek a sentence outside of the guideline range. Finally, pursuant to sections C(2) and (3) of the Plea Agreement, Slade waived his right to appeal and his right to collaterally attack "any order issued in this matter."[2] Prior to accepting the plea of guilty, I questioned Slade as to his understanding of the agreement and its consequences, the elements of the charge, and the rights he was waiving by pleading guilty under the agreement. He indicated that he had initialed each page and signed the agreement to show that he had read it after an adequate opportunity to review it with his attorney. After the prosecutor reviewed the terms

---

[1] Without this Plea Agreement provision, Slade would have been subject to a mandatory life sentence, pursuant to 21 U.S.C.A. § 841(b)(1)(A) (providing for mandatory minimum sentence of twenty years if there is a prior felony drug conviction and for a mandatory minimum sentence of life imprisonment without release if there are two or more prior felony drug convictions).

[2] Section C(3) of the Plea Agreement stated that if Slade files "any court document seeking to disturb, in any way, any order imposed in [his] case," the government will consider such action to be a violation of the agreement and will be free to take any action described in Section D, entitled "Remedies Available to the United States." Section D provides that, if Slade breaches any term of the Plea Agreement, the government may, among other things, reinstate any dismissed charges and refuse to comply with stipulations as to sentencing.

of the agreement, Slade affirmed that he understood those terms. I asked Slade, "Are you pleading guilty because you are in fact guilty of this charge?" Slade answered, "Yes, sir." (Plea Hr'g Tr. 15, Dec. 1, 2008.)

The prosecutor then reviewed the evidence that the government would have presented had the case gone to trial against Slade. I asked Slade if he contested any of the facts as recited by the prosecutor, and Slade answered, "No, sir." (*Id.* at 17.) I found Slade to be fully competent to enter a guilty plea, that he was aware of the nature of the charge and the consequences of his plea, and that his plea was knowing and voluntary and supported by an independent basis in fact as to each of the essential elements of the offense.

On Slade's sentencing date, he reiterated that he was guilty of the charge and confirmed that he did not wish to withdraw his guilty plea, but requested a continuance to allow him to obtain another attorney. After conducting an ex parte hearing with Slade and his appointed attorney, I denied the motion and after a sentencing hearing, sentenced Slade to 300 months imprisonment. He noted an appeal, which is currently pending in the United States Court of Appeals for the Fourth Circuit.

Following his sentencing, Slade filed the present Motion to Dismiss. He contends that codefendants Paul Vaughn, Jr. and Marcus Watkins have admitted lying

before the grand jury and at trials of others in this case about his involvement and the involvement of others in the drug conspiracy.[3]

II

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, by entering his valid guilty plea, Slade waived his right to challenge constitutional defects that occurred before the plea, such as the alleged defects with the indictment and the evidence offered to support his guilty plea. At the most, at this late date in

---

[3] Slade's codefendants who had elected to go to trial instead of pleading guilty filed motions for new trial, based on these witnesses' admissions of perjury. I conducted an evidentiary hearing on June 18, 2009, during which Vaughn, Watkins, and Derrick Evans testified that they had lied during prior testimony. Thereafter, in light of all the evidence, I found that these individuals were not being truthful when they claimed to have previously lied. Accordingly, I denied all the motions for new trials. *See United States v. Duty*, No. 1:08CR00024, 2009 WL 2424347 (W.D. Va. Aug. 6, 2009); *United States v. Baumgardner*, No. 1:08CR00024, 2009 WL 2424334 (W.D. Va. Aug. 6, 2009); *see also United States v. Vaughn*, No. 1:08CR00024, 2009 WL 2762159 (W.D. Va. Aug. 27, 2009) (denying motion to withdraw guilty plea); *United States v. Evans*, 635 F. Supp. 2d 455, 464 (W.D. Va. 2009) (same) .

the criminal proceedings, Slade may challenge only the validity of the guilty plea itself.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits the withdrawal of a plea of guilty after acceptance of the guilty plea but *before sentencing* if "the defendant can show a fair and just reason for requesting the withdrawal." After the court imposes sentence, however, "the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Rule 11(e). Because Slade did not bring his current motions before sentencing, I cannot construe or consider them as seeking to vacate his guilty plea under Rule 11(e).

Rule 33(b)(1) authorizes defendants to file a motion for new trial based on newly discovered evidence within three years of the entry of judgment. Slade does not qualify to proceed under this rule, however, because he never had a trial; rather, he waived his right to trial when he pleaded guilty. *See United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995) (finding that validity of guilty plea cannot be questioned by way of motion for new trial); *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979) (finding that Rule 33 "applies only to cases in which a [t]rial, either to the court or to a jury, has taken place" ); *United States v. Blackwell*, No. 3:04CR00040,

2008 WL 318291, at *3 (W.D. Va. Feb. 4, 2008) (same). Therefore, I cannot construe or consider Slade' motions as seeking a new trial under Rule 33(b)(1).

I could construe and consider Slade's motions as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.A. § 2255 (West 2006 & Supp. 2009). To state a claim for relief under § 2255, a defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). Under section C(3) of his written Plea Agreement, however, Slade waived "any right [he might] have to collaterally attack, in any future proceeding, any order issued in this matter." Accordingly, I will not construe Slade's motions as seeking collateral relief under § 2255.

For these reasons, I find no authority under which Slade is entitled to disturb the finality of the judgment against him.

III

For the stated reasons, it is **ORDERED** that the defendant's pending motion (DE 1915) is DENIED.

ENTER: March 3, 2010

/s/ JAMES P. JONES
Chief United States District Judge