# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:08CR00024-005 |
| v. | ) | **OPINION** |
| | ) | |
| **TYREE LAMAR SLADE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Tyree Lamar Slade, a federal inmate sentenced by this court, has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the two-level reduction in the drug guideline ranges adopted by Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG") and made retroactive by USSG § 1B1.10(d). For the reasons set forth in this Opinion, I find that the defendant is ineligible for a reduction under § 3582(c)(2).[1]

Defendant Slade and more than 50 other individuals were charged in this case with conspiracy to distribute more than 50 grams of cocaine base and 500

---

[1] The defendant filed a pro se motion under Amendment 782 on January 14, 2015 (ECF No. 3224), and an amended pro se motion on May 14, 2015 (ECF No. 3285). The government filed an objection to any reduction on September 3, 2015, and the court then appointed counsel for the defendant, who filed on the defendant's behalf a third motion for a reduction in sentence under Amendment 782 on September 15, 2015 (ECF No. 3315). Counsel for the defendant subsequently filed additional argument and evidence. I consider the matter fully briefed and ripe for decision.

grams or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The government filed an Information pursuant to 21 U.S.C. § 851 notifying Slade of its intention to seek enhancement of his sentence based on three prior felony drug convictions under North Carolina law. On December 1, 2008, Slade pleaded guilty pursuant to a written Plea Agreement. In section B(2) of the Plea Agreement, Slade stipulated that he had been convicted of one of the prior felony drug offenses listed on the Information, and the government agreed not to seek an additional § 851 enhancement based on the two other listed offenses.[2]

In section B(3) of the agreement, Slade also stipulated that the Career Offender guideline, USSG § 4B1.1 (2007), was applicable to him, and that he would not seek a sentence outside of this guideline range. In that section, he also stated that "I understand other guideline sections may be applicable to my case and the United States and I will be free to argue whether these sections should or should not apply." (Plea Agreement 4, ECF No. 1141.)

The Presentence Investigation Report ("PSR") prepared prior to sentencing stated that Slade had sold at least 56.7 grams of crack cocaine, that he had allowed coconspirators to use his residence to produce crack cocaine from powder cocaine,

---

[2] At the time of Slade's sentencing and without this Plea Agreement provision, based on his three prior felony drug convictions, Slade would have been subject to a mandatory life sentence, pursuant to 21 U.S.C. § 841(b)(1)(A) (providing for mandatory minimum sentence of 20 years if there is a prior felony drug conviction and for a mandatory minimum sentence of life imprisonment if there are two or more prior felony drug convictions). The agreement reduced his mandatory minimum sentence exposure to 20 years.

and that he had observed a coconspirator in possession of at least two kilograms of powder cocaine on three separate occasions, an amount equivalent to 5.28 kilograms of crack cocaine. On these facts, the PSR recommended that Slade be held responsible for at least 4.5 kilograms of cocaine base, resulting in a Base Offense Level ("BOL") of 38 under USSG § 2D1.1(c)(1) (2007). This BOL exceeded the Career Offender BOL of 37 otherwise applicable to Slade under his Plea Agreement stipulation and USSG § 4B1.1(b)(1) (2007).

At the sentencing hearing on March 2, 2009, I found that with his Criminal History Category of V and a Total Offense Level of 35 (taking into account a reduction of three levels for acceptance of responsibility), Slade's advisory guideline range was 262 to 327 months. I sentenced him to 300 months imprisonment.

Slade appealed. The court of appeals affirmed, finding that this court did not err in sentencing the defendant based on the higher BOL in light of the particular language of the agreement. *United States v. Slade*, 371 F. App'x 421, 421-22 (4th Cir. 2010) (unpublished).

On October 5, 2011, I notified Slade and counsel for the government that I intended to reduce Slade's sentence from 300 months to 269 months pursuant to 18 U.S.C. § 3582(c)(2), based upon the retroactive application by USSG Amendment 750 of the lowered crack cocaine sentencing guidelines. I found that Slade's stipulation to Career Offender status and the resultant BOL of 37 trumped the

drug-weight guideline and left him eligible for no more than a one-level reduction under § 3582(c)(2) and Amendment 750. This calculation rendered an advisory guideline range of 235 to 293 months. On November 8, 2011, I reduced Slade's sentence from 300 months to 269 months. Slade did not appeal.

Thereafter, Slade filed a motion to vacate his sentence under 28 U.S.C. § 2255 on the ground that his convictions under North Carolina law no longer qualified as predicates for a Career Offender sentencing enhancement in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Following a response from the government, I denied the motion on the basis of Slade's waiver of collateral attack contained in his Plea Agreement. *United States v. Slade*, No. 1:08CR00024-005, 2014 WL 801332 (W.D. Va. Feb. 28, 2014), *appeal dismissed*, 600 F. App'x 185 (4th Cir. 2015).

In considering the defendant's present eligibility for a sentence reduction under Amendment 782, I must follow the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Those policy statements require that in determining whether reduction is warranted,

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendment(s) listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

USSG § 1B1.10(b)(1) (2015).

Slade argues that Career Offender status is no longer applicable to him, because two of his prior North Carolina convictions do not now qualify as felony predicates under *Simmons*. Even assuming that is correct, however, I am not permitted under 18 U.S.C. § 3582(c)(2) and the above-cited policy statements to revise guideline determinations made at sentencing that are not the subject of a retroactive guideline amendment. Applying Amendment 782 to Slade's drug BOL would lower it below the stipulated Career Offender guideline, making the Career Offender BOL of 37 applicable, in the same manner as I ruled in 2011 in limiting Slade's Amendment 750 reduction. Accordingly, Slade is ineligible for any further reduction.

A separate Order will be entered herewith.

DATED: November 20, 2015

/s/ James P. Jones
United States District Judge